UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CLINTON STRANGE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00466-LEW |
| | ) | |
| GMR PROCESSING LLC and | ) | |
| APE PROCESSING LLC, | ) | |
| | ) | |
| Defendants | ) | |

**ORDER TRANSFERRING CASE**

The matter is before the Court on Plaintiff's Response (ECF 42) to the September 29, 2021 Order to Show Cause (ECF 41).

Plaintiff's presentation on the personal jurisdiction question is helpful, but it does not validate this Court's exercise of jurisdiction over the persons of the Defendants. The case decision provided by Plaintiff involved a Texas Court's exercise of personal jurisdiction over an out-of-forum defendant based on harm to a Texas resident resulting from robocalls received in Texas. As I observed in the Order to Show Cause, Plaintiff suffered harm in Louisiana and the only apparent Maine connection is the fact that Defendant's VoIP number bore a Maine area code. It is unlikely that such a forum contact, assuming it really is a forum contact, would be enough to subject the Defendants to the authority of a Maine court. Moreover, there is no good reason to test the bounds of due

process in this regard[1] as there is a readily available United States District Court that has jurisdiction over the persons of the Defendants and also is the most appropriate venue for this proceeding.

Accordingly, this case will be TRANFERRED to the United States District Court for the Northern District of Georgia.

**SO ORDERED.**

Dated this 28th day of October, 2021.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

---

[1] If this Court were to enter a default judgment as Plaintiff requests, it would only frustrate Plaintiff's ability to collect on the judgment that it was entered in the absence of jurisdiction.