**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CLINTON STRANGE,<br>　　　Plaintiff,<br><br>　　　　　　v.<br><br>GMR PROCESSING LLC and APE PROCESSING LLC,<br>　　　Defendants. | Civil Action No.<br>1:21-cv-04469-SDG |

**OPINION AND ORDER**

This matter is before the Court on review of Plaintiff Clinton Strange's response to the Court's March 28, 2022 Opinion and Order [ECF 46] (the Order), which directed Strange to show cause why there is personal jurisdiction over Defendant APE Processing LLC (APE) and granted default judgment against Defendant GMR Processing LLC (GMR).

**I.　Background**

The history of this litigation is detailed in the Order and will not be repeated here.[1] In short, however, the Order concluded that Strange was entitled to entry of a default judgment against GMR on his claims for violations of the Fair Debt Collection Practice Act (FDCPA), the Telephone Consumer Protection Act (TCPA), the Georgia Fair Business Practices Act (GFBPA), and the Georgia Unfair or

---

[1] *See generally* ECF 46.

Deceptive Practices Toward the Elderly Act (GUDPTEA).[2] Because the record was insufficient for the Court to determine that it had personal jurisdiction over APE, the Order directed Strange to show cause why either this Court or a District Court in the State of Florida has such jurisdiction over APE.[3] Strange responded on April 6, 2022.[4]

## II. Personal Jurisdiction

APE is both incorporated and has its headquarters in Florida.[5] It was administratively dissolved in September 2021.[6] The only connection to Georgia that Strange suggested is that APE's "sole Authorized Member" resides and owns real property in Gwinnett County.[7] However, the issue is *personal* jurisdiction, which depends on *APE's* contacts with Georgia. And there simply is no evidence of any such contacts sufficient for the Court to exercise jurisdiction here.

---

[2] *Id.*

[3] *Id.* at 19.

[4] ECF 47.

[5] ECF 23, ¶ 10; ECF 47, at 1, 10, 12. *See also* State of Florida, Department of State, Division of Corporations, Entity Name Search Detail by Entity Name, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityN (last visited June 2, 2022) (hereinafter, Entity Search) (showing APE is a Florida LLC with its principal address in Miami).

[6] Entity Search.

[7] *See generally* ECF 47.

"The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). The Supreme Court recognizes two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1779–80 (2017). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Wash. Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). In contrast, specific jurisdiction "depends on an affiliation between the forum and the underlying controversy." *Id.* at 919 (citation omitted).

Strange does not contend that APE is subject to general jurisdiction, nor could he, since there is no evidence that APE itself has any continuous or systematic affiliations with the State of Georgia. So, the Court need only consider whether specific jurisdiction exists. An exercise of specific jurisdiction must (1) be appropriate under Georgia's long-arm statute and (2) comport with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Because Strange cannot satisfy the long-arm statute, it is unnecessary for the Court to evaluate whether any such application would violate due process.

As relevant here, the Georgia long-arm statute permits the exercise of jurisdiction over a non-resident defendant if that nonresident:

> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; [or]
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

O.C.G.A. § 9-10-91. None of these factors have been met. APE's conduct was allegedly directed at Strange, who lives in Louisiana and was present there when the offending conduct took place.[8] There is no indication any of APE's conduct occurred in or was directed toward Georgia in any fashion. The parties' dispute

---

8     ECF 23, ¶¶ 38–40.

has no connection to Georgia. The Court cannot, therefore, exercise personal jurisdiction over APE in this State.

Once the Court has evaluated Strange's damages claims against GMR and entered final judgment with regard to that Defendant, it will transfer the remaining claims against APE to the District Court for the Southern District of Florida, Miami Division, if Strange wishes to proceed against APE in that court. 28 U.S.C. §§ 89(c), 1404(a). APE's administrative dissolution is no impediment to such a transfer since it may still be sued. Fla. Stat. Ann. § 605.0717(1)(b) (West 2015).

## III. Damages

The Order indicated that the Court would provide Strange with further instructions concerning his damages claim once it had addressed the jurisdictional question. Having now answered that query, the Court provides the following analysis of his entitlement to damages.

Although all well-pleaded factual allegations in the Amended Complaint are deemed admitted by virtue of GMR's default, *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005), allegations related to damages are not, *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1365 n.1 (N.D. Ga. 2011). The Court "has an obligation to assure there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

The Order concluded that Strange is not entitled to treble damages or injunctive relief.[9] But he may seek to recover actual and statutory damages. *See, e.g.*, 15 U.S.C. § 1692k(a); 47 U.S.C. § 227(b)(3)(B); O.C.G.A. § 10-1-390; O.C.G.A. § 10-1-851. Further, Strange paid the $402 filing fee to initiate this action,[10] and he is entitled to recover this amount as costs. 15 U.S.C. § 1692k(a)(3). Having proceeded *pro se*, however, he is not entitled to attorneys' fees. *Zahedi v. McCalla Raymer, LLC*, No. 15-cv-525-WSD, 2016 WL 1064554 (N.D. Ga. Mar. 15, 2016); *Hennington v. Bank of Am.*, No. 1:10-cv-1350-WSD, 2011 WL 705173, at *5 (N.D. Ga. Feb. 18, 2011).

The Amended Complaint alleges that Strange was harmed by GMR's conduct because it caused him worry, exacerbated his disabilities, and triggered various physical ailments and panic attacks.[11] Specifically, Strange claims that he has "suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, acute embarrassment, anxiety, loss of sleep, and suffering."[12] Such damages may be recoverable for violations of

---

[9] ECF 46, at 16, 18.

[10] D.E. Jan. 11, 2021.

[11] ECF 23, ¶¶ 50–52.

[12] *Id.* ¶ 56.

the FDCPA. *Carrigan v. Cent. Adjustment Bureau, Inc.*, 502 F. Supp. 468, 470–71 (N.D. Ga. 1980) (Evans, J.) (concluding defendant in FDCPA suit could be liable for plaintiff's emotional distress and anguish). *See also Sweetland v. Stevens & James, Inc.*, 563 F. Supp. 2d 300, 303 (D. Me. 2008) (citing authorities, including *Carrigan*, interpreting "actual damages" under the FDCPA "to include damages for emotional distress caused by the debt collector's statutory violation").

Despite these allegations, there is no evidence supporting any amount of actual damages—for either physical or psychological harm. Accordingly, Strange must provide such evidence to support his claims. This evidence may include, for example, sworn declarations, medical bills, or other documents substantiating his damages claim. This is a non-exhaustive list. Strange may also provide evidence of any additional recoverable costs he has incurred in bringing this action.

**IV. Conclusion**

**Within 30 days after entry of this Order**, Strange is **DIRECTED** to file evidence supporting his damages claim against GMR, and to advise the Court on whether he wishes his remaining claims against APE to be transferred to the District Court for the Southern District of Florida, Miami Division. Failure to do so may result in dismissal of this case.

**SO ORDERED** this 18th day of August, 2022.

Steven D. Grimberg
United States District Court Judge