IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLINTON STRANGE,<br>    Plaintiff,<br>            v.<br>GMR PROCESSING LLC and APE PROCESSING LLC,<br>    Defendants. | Civil Action No.<br>1:21-cv-04469-SDG |

**OPINION AND ORDER**

This matter is before the Court on its August 18, 2022 Order to Show Cause [ECF 48] and Plaintiff's response thereto [ECF 49]. The Court finds as follows.

**I.   Background**

The history of this litigation is detailed in this Court's prior Orders and will not be repeated here. On March 28, 2022, the Court granted in part Strange's motion for default judgment as to Defendant GMR Processing LLC.[1] Strange is thus entitled to recover damages and costs.[2] On August 29, Strange submitted evidence in support of those damages.

---

[1]   ECF 46.

[2]   ECF 48, at 6.

## II.  Damages

For violations of the Fair Debt Collection Practices Act (FDCPA), a plaintiff may recover his actual damages and additional damages of not more than $1,000. 15 U.S.C. § 1692k(a). GMR's agent threatened Strange with a civil suit and other legal action, after verbally abusing him.[3] As a result, Strange suffered from "Psychological Trauma, stress, worry, anxiety, panic attacks and aggravation of [his] previously diagnosed service-connected Major Depressive Disorder," along with loss of sleep and migraine headaches.[4] He promptly sought treatment for his symptoms.[5] Strange details two medical appointments he attended to receive treatment and his need to obtain medication.[6] Strange incurred $597.00 in costs for the court filing fee and service of process and a subpoena, but did not otherwise present evidence showing that he lost any money as a result of GMR's conduct.[7]

Although Strange has shown that he suffered psychological harm and physical effects because of GMR, the company's agent made only a *single* call in

---

[3]   ECF 1, ¶ 15; ECF 23, ¶ 40.

[4]   ECF 49, at 6 ¶ 5; *id.* at 11 ¶ 13.

[5]   *Id.* at 8 ¶ 7.

[6]   *Id.* at 8–9 ¶¶ 8–9.

[7]   *Id.* at 12–13 ¶ 15; *id.* at 23 (bill of costs).

violation of the statute.[8] The Court does not question the severity of the stress and anxiety Strange suffered. Those feelings were undoubtedly exacerbated by his preexisting health conditions and mental health struggles. But such feelings are difficult to translate into actual damages based solely on Strange's own declaration. And Strange has provided scant evidence of any other damage he suffered. For instance, he did not have to make any payment on a debt he did not owe in order to stop the harassment or engage legal counsel to prevent repeated calls by GMR. The purpose of the FDCPA's damages provision is to compensate the plaintiff, not deter the defendant. *Sweetland v. Stevens & James, Inc.*, 563 F. Supp. 2d 300, 304 (D. Me. 2008) (citing *Sanders v. Jackson,* 209 F.3d 998, 1004 (7th Cir. 2000)). Based on the evidence here, the Court finds it appropriate to award $1,000 in actual damages but no additional damages, along with Strange's actual costs of $597.

For violation of the Telephone Consumer Protection Act (TCPA), Strange is entitled to statutory damages of $500. 47 U.S.C. § 227(b)(3)(B)). Any damages for the violation of the Georgia Fair Business Practices Act are the same as the

---

8   ECF 1, ¶ 13; ECF 23, ¶ 38.

damages to which Strange is entitled for the FDCPA violation (*e.g.*, actual damages and costs of litigation). Strange is not entitled to recover twice for the same harm.

Because of GMR's violation of the Georgia Unfair or Deceptive Practices Toward the Elderly Act (GUDPTEA), the Court may impose an additional penalty of up to $10,000. O.C.G.A. § 10-1-851. There is no evidence GMR was aware of Strange's disability when it made the illicit telephone call or that its conduct was thereafter repeated. The Court concludes that Strange is only entitled to a nominal additional penalty of $100 for the GUDPTEA violation.

### III. Conclusion

Strange is entitled to recover $1,597 on his FDCPA claim; $500 on his TCPA claim; and $100 on his GUDPTEA claim. His Motion for Disposition [ECF 49] is therefore **GRANTED in part**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** against Defendant GMR in the total amount of $2,197.00.

This Court does not have personal jurisdiction over Strange's claims against Defendant APE Processing LLC.[9] Strange has indicated that he consents to the Court's transfer of those claims.[10] Accordingly, the Clerk is **DIRECTED** to

---

[9] ECF 48.

[10] ECF 49.

**TRANSFER** Strange's remaining claims against APE Processing LLC to the District Court for the Southern District of Florida, Miami Division.

The Clerk is further **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this 31st day of March, 2023.

                                          Steven D. Grimberg
                              United States District Court Judge